### HENRY HUGHES v. THE STATE.

*No. 718. Decided October 28.*

**Perjury — Charge of Court.** — On a trial for perjury, assigned upon the testimony of defendant at his trial in a Justice Court, a letter written by defendant after his acquittal in the Justice Court, in which he acknowledged his guilt, and stated, " You know I don't give a damn how I swear when I get on the stand," having been admitted in evidence, the court charged the jury, in effect, that said letter took the position of a witness in the case, and as to the corroboration necessary of such witness, "you are instructed, that the testimony of the witness Ed Hughes is sufficiently strong, in corroboration of such witness (the letter) to support a conviction of defendant, unless overcome or outweighed by other evidence:" *Held*, erroneous, as not being a matter of law, and also a charge upon the weight of evidence.

APPEAL from the District Court of Shelby. Tried below before Hon. S. W. BLOUNT, Special Judge.

This appeal is from a conviction for perjury, alleged to have been committed by defendant on a trial in Justice Court, precinct number 8, Shelby County, at which trial defendant was being prosecuted on a complaint charging him with a disturbance of the peace, in discharging firearms in a public place, and on which said trial defendant, as a witness in his own behalf, had sworn he neither had nor discharged a pistol on the occasion in question. He was acquitted in the Justice Court. Subsequently he wrote a letter to a friend, acknowledging his guilt, and stating that he had sworn falsely in the Justice Court. On his trial for perjury this letter was introduced in evidence against him. The trial resulted in his conviction, with his punishment assessed at five years in the penitentiary.

No further statement is necessary.

*Drury Field*, for appellant.—The charge of the court was upon the weight of the evidence. Code Crim. Proc., arts. 677, 678; Long v. The State, 1 Texas Cr. App., 466; Brown v. The State, 3 Texas Cr. App., 294; Webb v. The State, 8 Texas Cr. App., 115; White v. The State, 13 Texas Cr. App., 133.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at five years, from which he appeals.

Among the numerous assignments of error, it is sufficient to notice but one. Appellant was tried in a Justice Court in Shelby County for disturbing an assembly by firing a pistol. Upon his trial he swore he did not fire a pistol, nor have one on his person at the time alleged. There was only circumstantial evidence of his guilt, and he was acquitted. About a year later, May, 1892, appellant was a witness for the petitioner at the habeas corpus trial of Fayette Harris et al., charged with murder, and upon cross-examination admitted the authorship of a letter shown to him, and that its contents were true. The letter in question was written to one J. M. Roberson, June 6, 1891, just after his acquittal in the Justice Court, and gives the details of the whole matter, acknowledging his guilt; stating further, " You know I don't give a God damn how I swear when I get on the stand," etc. Appellant was indicted for perjury, tried, and convicted as above stated.

In his charge to the jury, the court stated, that in this case there is no witness who testified directly to the falsity of the statement charged to have been made by appellant in the Justice Court; but the letter written by the defendant admitting the shooting he was charged with in the Justice Court, takes the legal position of a witness in the case. "And as to the corroboration necessary of such witness, you are instructed, that the testimony of the witness Ed Hughes is sufficiently strong in corroboration of such witness (the letter) to support a conviction of defendant, unless overcome or outweighted by other evidence."

There seems to be no question that this was a charge upon the weight of evidence. The jury are told to convict on the State's case as made by the letter and Ed Hughes, unless it is overcome by other evidence. The authenticity and truth of the letter and the veracity of Ed Hughes and the sufficiency of the two to convict, is declared as a matter of law. Such a charge is forbidden by law. Code Crim. Proc., art. 677; Willson's Crim. Stats., sec. 2339; Meuly's case, 31 Texas Crim. Rep., 155.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.